IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BOCANEGRA SALOMON,

        Petitioner,

v.                                                                                     Civil Action No. 1:10cv36
                                                                                   (Judge Keeley)

KUMA J. DEBOO, C. WHITTINGTON,
D. F. GALLIGAN, M. VELTRI AND
D. TAYLOR,

        Respondents.

**OPINION/REPORT AND RECOMMENDATION**
**RECOMMENDING DISMISSAL OF THE PETITION**

On March 2, 2010, the *pro se* petitioner initiated this case by filing a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and paying the required $5.00 filing fee. This case is before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 83.09, et seq.

**I.   The Petition**

In the petition, the petitioner seeks relief for "intolerable confinement conditions at the Federal Correctional Institution, Gilmer." Petition at 1. He further asserts that his conviction does not waive his rights under the United States Constitution. *Id.* at 2. Therefore, the petitioner asserts that he suffers from the following constitutional violations:

(1) First Amendment right to freedom of speech and right to redress;

(2) Fourth Amendment right to not be deprived of liberty without due process of law;

(3) Sixth Amendment right under the Article 36 Protocol of treaty rights and assistance of

counsel;

(4) Eighth Amendment right to be free from cruel and unusual punishment;

(5) Ninth Amendment right not to be deprived of certain rights by the people; and

(6) Fourteenth Amendment right to due process and equal protection of the law.

*Id.* at 2-3.

In support of his claims, the petitioner asserts that he has been "verbally abused with malicious, slanderous and defamatory words." *Id.* at 3. He further contends that he has been "harassed, racially discriminated[,] targeted for strip searches, shakedowns and restraints needless (sic) used." *Id.* The petitioner also claims he has been placed in segregation several times simply because he does not speak or understand the English language. *Id.* He further contends that he was deliberately placed in the same cell with a dangerous gang member and then wrongly punished after the inevitable physical confrontation occurred. *Id.*

The petitioner asserts that it is pointless to grieve these issues in the Bureau of Prison's administrative remedy system because the system is inadequate and "virtually amounts to having no grievance system at all." *Id.* at 4. The petitioner complains that the Bureau's administrative remedy system is devoid of impartiality and has inadequate investigatory procedures. *Id.*

As a result of the alleged violations of his constitutional rights, the petitioner seeks the following relief:

(1) for the Court to order a complete and thorough criminal investigation into the practices of the officers at FCI-Gilmer;

(2) for the Court to order FCI-Gilmer to hire independent complaint investigators that are impartial and bilingual for face-to-face interviews regarding allegations;

(3) for the Court to order FCI-Gilmer officers to refrain from all the abuses, malicious and slanderous defamatory and racial discrimination against prisoners of Hispanic origin;

(4) for the Court to order the Warden and all of the perpetrators detained and arrested for the alleged violations against Spanish speaking inmates;

(5) for the Court to award the petitioner pain and suffering and order his sentence be vacated due to the alleged violations; and

(6) for the Court to order the costs of this proceeding against FCI-Gilmer.

*Id.* at 4-5.

## II. Analysis

A § 2241 petition is used to attack the manner in which a sentence is executed. See 28 U.S.C. § 2241. More specifically, a § 2241 petition is appropriate where a prisoner challenges the fact or length of his confinement, but generally not the conditions of that confinement. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973).

Here, the petitioner does not attack the execution of his sentence. Instead, he complains of the conditions of his confinement at FCI-Gilmer. The petitioner's claims are not in any way related to the execution of his sentence. Thus, it is clear that the petitioner's claims should have been raised pursuant to a civil rights complaint. Preiser, at 499-500 (a civil rights action is a proper remedy for a prisoner challenging the conditions of his prison life). Because a petition for writ of habeas corpus under § 2241 is not the proper avenue in which to seek the requested relief, the petition should be denied and dismissed from the Court's active docket.

Moreover, even if this action were construed to be Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C.

3

§ 1983, or any other federal law, the prisoner must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). A Bivens action, like an action under 42 U.S.C. § 1983, is subject to the exhaust of administrative remedies. Porter v. Nussle, 534 U.S. 516, 524 (2002). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes,"[1] and is required even when the relief sought is not available. Booth at 741. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. See Porter, 534 U.S. at 524 (citing Booth, 532 U.S. at 741) (emphasis added). However, the failure to exhaust administrative remedies is an affirmative defense that must be raised by the defendant. Jones v. Bock, 549 U.S. 199 (2007).

In Woodford v. Ngo, 548 U.S. 81, 84-85 (2006), the United States Supreme Court found that the PLRA's exhaustion requirement serves three main purposes: (1) to "eliminate unwarranted federal court interference with the administration of prisons"; (2) to "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case"; and (3) to "reduce the quantity and improve the quality of prisoner suits." Therefore, "the PLRA exhaustion requirement requires *full* and *proper* exhaustion." Woodford, at 93-94 (emphasis added). Full and proper exhaustion includes meeting all the time and procedural requirements of the prison grievance system. *Id.* at 103.

The Bureau of Prisons makes available to its inmates a three level administrative remedy process if informal resolution procedures fail to achieve sufficient results. See 28 C.F.R. § 542.10,

---

[1] *Id.*

et seq. This process is begun by filing a Request for Administrative Remedy at the institution where the inmate is incarcerated. If the inmate's complaint is denied at the institutional level, he may appeal that decision to the Regional Office for the geographic region in which the inmate's institution of confinement is located. If the Regional Office denies relief, the inmate can appeal to the Office of General Counsel via a Central Office Administrative Remedy Appeal. An inmate must fully complete each level of the process in order to properly exhaust his administrative remedies.

In this case, it is clear that the plaintiff has had access to the BOP's administrative remedy process. He has simply chosen not to apply for relief through that process claiming it to not be impartial.

### III.    Recommendation

For the reasons stated, the undersigned recommends that the petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Dckt. 1) be **DENIED** and **DISMISSED without prejudice**.

Within **fourteen (14) days** after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from **a** judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro*

*se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: March 17, 2010.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE